FILED
2012 Dec-21  AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DONNETTA BLOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-3657-NE** |
| | ) | |
| **VIRGINIA COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donnetta Blow, filed a complaint on October 19, 2012, asserting claims against her former employer, Virginia College, for: (1) "Race Discrimination in Violation of Title VII" (Count I); (2) "Race Discrimination in Violation of 42 U.S.C. § 1981" (Count II); (3) "Retaliation" (Count III); and (4) "Mental and Emotional Distress" (Count IV).[1]   The case currently is before the court on defendant's motion to dismiss Count IV for failure to state a claim upon which relief can be granted.[2]   Upon consideration of the motion, pleadings, and briefs, the court concludes that defendant's motion should be granted in part.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 6.

complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained

in a complaint is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id*., at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations.  *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

## II. RELEVANT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

In her complaint, plaintiff generally describes being given unfavorable job assignments, receiving unwarranted reprimands and low performance evaluations, being subjected to hostile treatment by a supervisor, not being permitted to work

overtime, and ultimately, being terminated from her job, all as a result of race discrimination and/or retaliation.[3]   Count IV of the complaint bears the heading "Mental and Emotional Distress," and it contains the following legal allegations:

> 80.   The allegations contained in paragraphs 1 through 79 are inclusive and are hereby incorporated by reference.

> 81.   Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

> 82.   As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.[4]

Plaintiff's Prayer for Relief includes a request for "an order requiring the Defendant to make the Plaintiff whole by awarding her back pay (plus interest), compensatory and punitive damages, declaratory and injunctive relief, lost seniority, lost benefits and lost pension profits."[5]

## III. DISCUSSION

Defendant characterizes Count IV of plaintiff's complaint as a claim for "outrage/intentional infliction of emotional distress,"[6] and asserts that the claim should be dismissed because she has not alleged sufficient facts to support the claim under

---

[3] *See* Complaint ¶¶ 12-37.

[4] Complaint ¶¶ 80-82.

[5] *Id.* ¶ 85.

[6] *See, e.g.,* doc. no. 6, at 1.

Alabama law.  To the extent Count IV is properly characterized as a claim for outrage or intentional infliction of emotional distress, the court agrees that it is due to be dismissed.

Under Alabama law, the so-called "tort of outrage" and an action for the intentional infliction of emotional distress are conceptually deemed to be synonymous. *See, e.g., Ex Parte Lumbermen's Underwriting Alliance,* 662 So. 2d 1133, 1134 (Ala. 1995) (recognizing that intentional infliction of emotional distress is "otherwise known as the tort of outrage"); *Sanders v. Shoe Show, Inc.,* 778 So. 2d 820, 823 (Ala. Civ. App. 2000) (same); *see also Sphere Drake Ins., P.L.C. v. Shoney's, Inc.,* 923 F. Supp. 1481, 1491 (M.D. Ala. 1996) (stating that, under Alabama law, the tort of outrage and the intentional infliction of emotional distress are "the same cause of action").[7]  To establish a claim, regardless of whether it is characterized by a plaintiff as "outrage" or intentional infliction of emotional distress, the plaintiff must demonstrate:  "(1) that the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct caused emotional distress so severe that no reasonable person

---

[7] This court believes that, as a matter of policy, the torts of outrage and intentional infliction of emotional distress should be viewed as conceptually distinct.  However, since the Alabama courts have failed to recognize this distinction, this court will analyze the two counts as if they were a single cause of action.

could be expected to endure it." *Callens v. Jefferson County Nursing Home,* 769 So. 2d 273, 281 (Ala. 2000) (citing *Jackson v. Alabama Power Co.,* 630 So. 2d 439 (Ala. 1993), and *Inmon, supra*).

The Alabama Supreme Court recognizes the tort only in "egregious circumstances" and, thus, has limited its application to the following areas:  (1) wrongful conduct within the context of family burials; (2) an insurance agent's coercing an insured into settling an insurance claim; and (3) egregious sexual harassment.  *Callens,* 769 So. 2d at 281 (citing *Thomas v. BSE Indus. Contractors, Inc.,* 624 So. 2d 1041 (Ala. 1993)).  None of those limited factual situations have been described in plaintiff's complaint.[8]  Plaintiff even acknowledges as much, stating that she "did not claim outrage in Count Four of her complaint."[9]  Instead, plaintiff asserts that she intended to assert only a claim for "Mental and Emotional Distress" in Count

---

[8] Defendant makes the additional assertion that "the Alabama Supreme Court has specifically rejected claims of outrage/intentional infliction of emotional distress based on the discharge of an at-will employee, Plaintiff's claim in this matter." Doc. no. 7 (defendant's brief), at 5.  The case defendant cites — *Wal-Mart Stores, Inc. v. Smitherman,* 872 So. 2d 833, 840 (Ala. 2003) — indeed supports the first clause of that assertion.  The key language of that decision is: "'[I]t would be intolerable in a civilized society to hold that an employer is guilty of outrageous conduct for merely discharging an employee at will.'" *Id.* at 840 (quoting *Harrell v. Reynolds Metals Co.*, 495 So.2d 1381, 1387 (Ala.1986)).  Even so, the court cannot agree with the second clause of defendant's assertion, *i.e.,* that plaintiff's claim in this case is *merely* a claim for discharge of an at-will employee.  Instead, plaintiff asserts claims of race discrimination and retaliation, additional factors that distinguish her claims from those asserted in *Smitherman*.  Those distinctions, however, have no bearing on the ultimate decision in this case.  Even without considering the *Smitherman* decision, plaintiff still has not stated a viable claim for outrage under Alabama law.

[9] Doc. no. 8 (plaintiff's response brief) ¶ 3.

IV.[10]   She requests leave of court to amend her complaint in order to resolve any pleading deficiencies.

## IV. CONCLUSION AND ORDERS

For the reasons stated above, the court agrees that plaintiff cannot assert a claim for outrage/intentional infliction of emotional distress under Alabama law based on the facts alleged in her complaint.  Accordingly, defendant's motion to dismiss Count IV of plaintiff's complaint is GRANTED in part.  Any claim for outrage or intentional infliction of emotional distress is DISMISSED with prejudice.

To the extent plaintiff intended only to seek emotional distress damages as an item of recovery on her other claims, she has leave to amend her complaint for the *sole* purpose of making that clarification.  Plaintiff's amended complaint must be filed on or before January 4, 2013.

DONE this 21st day of December, 2012.

_____
United States District Judge

---

[10] *Id.* ¶ 4.